UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

LAWRENCE FELTZIN,

    Plaintiff,

v.

BOYNTON SHOPPES, LLC, FLAVOR
UPSCALE BOYNTON LLC D/B/A
FLAVOR UPSCALE RESTAURANT,
MODERN MAN LLC D/B/A THE
MODERN MAN and ACE LUBE
CENTERS LLC D/B/A JIFFY LUBE,

    Defendants.
_____/

## COMPLAINT

Plaintiff, LAWRENCE FELTZIN, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues BOYNTON SHOPPES, LLC, FLAVOR UPSCALE BOYNTON LLC D/B/A FLAVOR UPSCALE RESTAURANT, MODERN MAN LLC D/B/A THE MODERN MAN and ACE LUBE CENTERS LLC D/B/A JIFFY LUBE (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42

U.S.C. § 12181, et seq.

4. Plaintiff, LAWRENCE FELTZIN, is an individual over eighteen years of age, with a residence in Palm Beach County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, BOYNTON SHOPPES, LLC, was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Boynton Beach, Florida.

6. At all times material, Defendant, BOYNTON SHOPPES, LLC owned and/or operated a commercial shopping plaza at 1620-1660 S Congress Avenue, Boynton Beach, Florida 33426 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Palm Beach County, Florida.

7. At all times material, Defendant, FLAVOR UPSCALE BOYNTON LLC, was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Boynton Beach, Florida.

8. At all times material, Defendant, FLAVOR UPSCALE BOYNTON LLC, owned and/or operated a commercial restaurant at 1660 S Congress Avenue, Boynton Beach, Florida 33426 (hereinafter the "Commercial Restaurant") and conducted a substantial amount of business in that place of public accommodation in Palm Beach County, Florida. Defendant, PAVILLON CORP, holds itself out to the public as "FLAVOR UPSCALE RESTAURANT."

9. At all times material, Defendant, MODERN MAN LLC, was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Boynton Beach, Florida.

10. At all times material, Defendant, MODERN MAN LLC, owned and/or operated a commercial barber shop at 1660 S Congress Avenue, Suite 4, Boynton Beach, Florida 33426

(hereinafter the "Commercial Restaurant") and conducted a substantial amount of business in that place of public accommodation in Palm Beach County, Florida. Defendant, PAVILLON CORP, holds itself out to the public as "THE MODERN MAN."

11. At all times material, Defendant, ACE LUBE CENTERS, LLC, was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Fort Lauderdale, Florida.

12. At all times material, Defendant, ACE LUBE CENTERS LLC, owned and/or operated a commercial auto service center at 1620 S Congress Avenue, Boynton Beach, Florida 33426 (hereinafter the "Commercial Restaurant") and conducted a substantial amount of business in that place of public accommodation in Palm Beach County, Florida. Defendant, ACE LUBE CENTERS LLC, holds itself out to the public as "Jiffy Lube."

13. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property/Businesses are located in Palm Beach County, Florida, Defendants regularly conduct business within Palm Beach County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Palm Beach County, Florida.

FACTUAL ALLEGATIONS

14. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

15. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses and properties.

3

16. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

17. Plaintiff, LAWRENCE FELTZIN, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, LAWRENCE FELTZIN, is paralyzed and is substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. He requires the use of a wheelchair to ambulate and uses a manual wheelchair.

18. Defendant, BOYNTON SHOPS, LLC, owns, operates and/or oversees the Commercial Property, its general parking lot/or and parking spots specific to the businesses therein, located in Boynton Beach, Florida, that is the subject of this Action.

19. Defendants, FLAVOR UPSCALE BOYNTON LLC, MODERN MAN, LLC, and ACE LUB CENTERS, LLC, each own, operate and/or oversee the businesses located within the Commercial Property, located in Boynton Beach, Florida, that are the subject of this Action.

20. Mr. Feltzin is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated much of his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

21. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Mr. Feltzin is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

22. The subject Commercial Property is open to the public and is located in Boynton Beach, Palm Beach County, Florida. The individual Plaintiff visits the Commercial Property, to include a visit to the Commercial Property and the businesses located within the Commercial

Property on or about February 7, 2023, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and the businesses located within the Commercial Property. He often visits the Commercial Property and the businesses located within the Commercial Property, in order to avail himself of the goods and services offered there because it is approximately located within the same county as his residence and is four (4) miles from his residence and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property and the businesses located within the Commercial Property, within four (4) months of the filing of this Complaint.

23. The Plaintiff found the Commercial Property and the businesses located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, the business located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

24. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property, and the businesses located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and businesses located within the Commercial Property, and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, Lawrence Feltzin, and others similarly situated.

25. Defendants, BOYNTON SHOPPES, LLC, FLAVOR UPSCALE BOYNTON LLC D/B/A FLAVOR UPSCALE RESTAURANT, MODERN MAN LLC D/B/A THE MODERN MAN and ACE LUBE CENTERS LLC D/B/A JIFFY LUBE, own and/or operate a place of public

accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, BOYNTON SHOPPES, LLC, FLAVOR UPSCALE BOYNTON LLC D/B/A FLAVOR UPSCALE RESTAURANT, MODERN MAN LLC D/B/A THE MODERN MAN and ACE LUBE CENTERS LLC D/B/A JIFFY LUBE, are responsible for complying with the obligations of the ADA. The places of public accommodation that Defendants, BOYNTON SHOPPES, LLC, FLAVOR UPSCALE BOYNTON LLC D/B/A FLAVOR UPSCALE RESTAURANT, MODERN MAN LLC D/B/A THE MODERN MAN and ACE LUBE CENTERS LLC D/B/A JIFFY LUBE., own and/or operate the Commercial Property and the businesses located within, located at 1620-1660 S Congress Avenue, Boynton Beach, Florida 33426.

26. Plaintiff, LAWRENCE FELTZIN, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and the businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property and the businesses located within the Commercial Property, but to assure himself that the Commercial Property and the businesses located within the Commercial Property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property and the businesses located within the Commercial Property, without fear of discrimination.

27. Defendants have discriminated against the individual Plaintiff by denying him

access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and the businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I - ADA VIOLATIONS
## AS TO BOYNTON SHOPPES, LLC

28. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

29. Defendant, BOYNTON SHOPPES, LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the business located within the Commercial Property, include but are not limited to, the following:

A. Parking and Exterior Accessible Route

   i. Parking spaces throughout the Commercial Property are not maintained, are not located on the closest most direct accessible route, contain slopes beyond limits within parking spaces and lack compliant accessible routes from accessible parking, violating Sections 402 and 502 of the 2010 Accessibility Standards. These conditions during numerous visits prevented Mr. Feltzin from unloading from his vehicle freely and safely.

   ii. There are insufficient number of accessible parking spaces, violating Section 502 of the 2010 Accessibility Standards. The lack of accessible parking forced Mr. Feltzin to park in open areas so he can unload freely and safely from his vehicle.

   iii. Curb ramps provided to access stores at the Commercial Property are unsafe for wheelchair users, protrude into access aisles and are not provided in some areas of the

    center. The curb ramps contain excessive slopes, abrupt changes of level and lack level landings, violating Sections 402 and 406 of the 2010 Accessibility Standards. These conditions are unsafe for Mr. Feltzin when he accesses the curb ramps.

iv. The exterior accessible route from parking spaces and throughout the Commercial Property fails to provide a safe accessible route as parcels fail to connect and stairs are provided along the accessible route, violating Section 402 of the 2010 Accessibility Standards. Mr. Feltzin was forced to travel in the traffic area of the center to get to the curb ramp.

v. The Commercial Property fails to provide a safe accessible route to the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards. The current route contains slopes and/or abrupt changes of level. The lack of a compliant accessible route prevents the option of public transportation for Mr. Feltzin.

vi. Entering tenants' businesses is impeded by slopes beyond limits and/or abrupt changes of level at the base, violating Section 404 of the 2010 Accessibility Standards. In some cases, steps are provided to enter tenants. Abrupt changes of level and slopes can cause damage to Mr. Feltzin's wheelchair.

## COUNT II - ADA VIOLATIONS
## AS TO BOYNTON SHOPPES, LLC and FLAVOR UPSCALE BOYTON, LLC D/B/A FLAVOR UPSCALE RESTAURANT

30. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

31. Defendants, BOYNTON SHOPPES, LLC and FLAVOR UPSCALE BOYTON, LLC D/B/A FLAVOR UPSCALE RESTAURANT, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible

facilities by January 26, 1992 (or January 26, 1993, if a Defendants has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the business located within the Commercial Property, include but are not limited to, the following:

A. <u>Access to Goods and Services</u>

   a. Payment Counters throughout the business are beyond the reach of Plaintiff, violating Sections 308 and 904 of the 2010 Accessibility Standards.

   b. Defendant failed to provide accessible dining tables for those in wheelchairs, violating Section 902 of the 2010 Accessibility Standards.  Mr. Feltzin was unable to dine comfortably due to a lack of accessible tables.

   c. Entering tenant's business is impeded by slopes beyond limits and/or abrupt changes of level at the base, violating Section 404 of the 2010 Accessibility Standards. In some cases, steps are provided to enter tenants. Abrupt changes of level and slopes can cause damage to Mr. Feltzin's wheelchair.

B. <u>Restrooms</u>

   a. Restrooms were reported to be unsafe for use by the plaintiff. Inspection revealed Mr. Feltzin was unable to use the restrooms safely due to a lack of accessibility. Including, inaccessible water closets which lack proper controls, improper grab bars and wheelchair maneuvering space violating Section 601 of the 2010 Accessibility Standards.

   b. Dispensers are mounted beyond reach of wheelchair users and are inaccessible to the Plaintiff, violating Section 308 of the 2010 Accessibility Standards.

   c. Lavatories lack knee clearance and/or insulated pipe wrap accessibility preventing

the plaintiff from freely accessing the lavatory, violating Section 606 of the 2010 Accessibility Standards.

d. Toilets are mounted with improper centerlines for the water closets and flush controls mounted on the wall side, violating Section 604 of the 2010 Accessibility Standards. Mr. Feltzin was unable to access flush controls while in the restrooms due to improper location.

e. Using restrooms doors is impeded by round doorknobs, improper signage and/or a lack of maneuvering clearance, violating Section 404 of the 2010 Accessibility Standards. Round doorknobs, stored goods and/or maneuvering space impede Mr. Feltzin from easily accessing doors.

**COUNT III - ADA VIOLATIONS**
**AS TO BOYNTON SHOPPES, LLC and MODERN MAN, LLC D/B/A THE MODERN MAN**

32. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

33. Defendants, BOYNTON SHOPPES, LLC and MODERN MAN, LLC D/B/A THE MODERN MAN, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the business located within the Commercial Property, include but are not limited to, the following:

A. Access to Goods and Services

a. Payment Counters throughout the business are beyond the reach of Plaintiff, violating Sections 308 and 904 of the 2010 Accessibility Standards.

    b. Entering tenant's business is impeded by slopes beyond limits and/or abrupt changes of level at the base, violating Section 404 of the 2010 Accessibility Standards. In some cases, steps are provided to enter tenants. Abrupt changes of level and slopes can cause damage to Mr. Feltzin's wheelchair.

B. Restrooms

    a. Restrooms were reported to be unsafe for use by the plaintiff. Inspection revealed Mr. Feltzin was unable to use the restrooms safely due to a lack of accessibility. Including, inaccessible water closets which lack proper controls, improper grab bars and wheelchair maneuvering space violating Section 601 of the 2010 Accessibility Standards.

    b. Dispensers are mounted beyond reach of wheelchair users and are inaccessible to the plaintiff, violating Section 308 of the 2010 Accessibility Standards.

    c. Lavatories lack knee clearance and/or insulated pipe wrap accessibility preventing the plaintiff from freely accessing the lavatory, violating Section 606 of the 2010 Accessibility Standards.

    d. Toilets are mounted with improper centerlines for the water closets and flush controls mounted on the wall side, violating Section 604 of the 2010 Accessibility Standards. Mr. Feltzin was unable to access flush controls while in the restrooms due to improper location.

    e. Using restrooms doors is impeded by round doorknobs, improper signage and/or a lack of maneuvering clearance, violating Section 404 of the 2010 Accessibility Standards. Round doorknobs, stored goods and/or maneuvering space impede Mr. Feltzin from easily accessing doors.

### COUNT IV - ADA VIOLATIONS
### AS TO BOYNTON SHOPPES, LLC and ACE LUBE CENTERS, LLC D/B/A JIFFY LUBE

34. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

35. Defendants, BOYNTON SHOPPES, LLC and ACE LUBE CENTERS D/B/A JIFFY LUBE, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the business located within the Commercial Property, include but are not limited to, the following:

A. Access to Goods and Services

   a. Payment Counters throughout the business are beyond the reach of Plaintiff, violating Sections 308 and 904 of the 2010 Accessibility Standards.

   b. Entering tenant's business is impeded by slopes beyond limits and/or abrupt changes of level at the base, violating Section 404 of the 2010 Accessibility Standards. In some cases, steps are provided to enter tenants. Abrupt changes of level and slopes can cause damage to Mr. Feltzin's wheelchair.

B. Restrooms

   a. Restrooms were reported to be unsafe for use by the plaintiff. Inspection revealed Mr. Feltzin was unable to use the restrooms safely due to a lack of accessibility. Including, inaccessible water closets which lack proper controls, improper grab bars and wheelchair maneuvering space violating Section 601 of the 2010 Accessibility Standards.

   b. Dispensers are mounted beyond reach of wheelchair users and are inaccessible to

the plaintiff, violating Section 308 of the 2010 Accessibility Standards.

c. Lavatories lack knee clearance and/or insulated pipe wrap accessibility preventing the plaintiff from freely accessing the lavatory, violating Section 606 of the 2010 Accessibility Standards.

d. Toilets are mounted with improper centerlines for the water closets and flush controls mounted on the wall side, violating Section 604 of the 2010 Accessibility Standards. Mr. Feltzin was unable to access flush controls while in the restrooms due to improper location.

e. Using restrooms doors is impeded by round doorknobs, improper signage and/or a lack of maneuvering clearance, violating Section 404 of the 2010 Accessibility Standards. Round doorknobs, stored goods and/or maneuvering space impede Mr. Feltzin from easily accessing doors.

## RELIEF SOUGHT AND THE BASIS

36. The discriminatory violations described in the Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, LAWRENCE FELTZIN, from further ingress, use, and equal enjoyment of the Commercial Business; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

37. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

38. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

39. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all

those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

40. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

41. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

42. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operates their businesses, located at and/or within the commercial property located at 1620-1660 S Congress Avenue, Boynton Beach, Florida 33426, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, LAWRENCE FELTZIN, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement

of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: March 8, 2023

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com; dramos@lawgmp.com

By: ___/s/_Anthony J. Perez_____
ANTHONY J. PEREZ
Florida Bar No.: 535451
BEVERLY VIRUES
Florida Bar No.: 123713